[Crim. No. 14540.   Second Dist., Div. One.   Dec. 5, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM ALFRED BRYANT, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

---

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark A. Ivener, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of burglary.

In an information filed in Los Angeles on June 8, 1967, defendant with Olee Morris was charged with burglarizing a building occupied by California Suede Company on April 29, 1967. It was further charged that Bryant previously, on June 4, 1962, had been convicted of a felony, namely a violation of section 496 of the Penal Code. Private counsel was appointed to represent Bryant. Bryant pleaded not guilty and denied the charged prior conviction. By stipulation the cause was submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing and each side reserved the right to present additional evidence. Other evidence was introduced at the trial. Bryant was found guilty of burglary in the second degree. The court for some reason not apparent from the record made no finding with reference to the charged prior conviction in spite of the fact that the record of the conviction was introduced into evidence by the prosecution. Further Bryant's counsel at the time of sentencing announced, "Mr. Bryant does have a record, and I have looked at his record. . . . The last conviction was January 17, 1964 . . . he was on probation for receiving stolen property." The court said, "This defendant, however, does have a, as you mentioned, somewhat of a record." At the time of sentence on October 5, 1967, proceedings were suspended, summary probation was granted for three years, Bryant to spend the first 90 days in jail and to obey all laws and orders of the probation department and of the court "without duty to report and without supervision." Bryant filed a notice of appeal (dated September 21, 1967) on October 5, 1967.

A résumé of some of the facts is as follows: at about 1:15 a.m. April 29, 1967, the silent burglar alarm system of the California Suede Leather Company at 2135 West Jefferson Street in Los Angeles was actuated. Steve Bodnar, a foreman of the company, was called by the alarm and he met Officers Nardone and Purington at the front door of the company establishment and entered the building with the officers. The air vent cover on the roof of the building had been moved. Officer Purington saw defendant Morris lying on top of a storeroom type of structure within the building and further saw a fire or garden hose extended from the vent in the roof

of the building. Noises were heard inside the building such as would be made by a person running or shuffling out of the building. Officer Nardone ran to the rear of the building and saw Bryant going away about 20 feet from the building. Officer Nardone chased Bryant down an alleyway but was unable to catch him. Nardone called to Bryant, "Police officer, stop" but Bryant kept on running and the officer fired a shot at him. Bryant did not stop to explain his presence in the area. Other police units in the area had been advised of the alarm and of the fact that a suspect had been chased down an alleyway. Officer Turner in a matter of minutes saw Bryant exiting from an alleyway not far distant from the scene (an alleyway near Fourth Avenue which is about one-half block north of Jefferson). Bryant was walking very rapidly, he was perspiring heavily and his heart was pounding very rapidly and heavily. Officer Turner took Bryant in a police car to the place of the burglary where Officer Nardone immediately identified Bryant as the man he had chased down the alleyway. Clearly the hose was used to gain entrance into the building.

Appellant now contends that the evidence is insufficient to support the judgment and that there was no probable cause for his arrest. There is no merit to appellant's claims

This court in *People* v. *Amos,* 190 Cal.App.2d 384, 387 [11 Cal.Rptr. 834], stated the rule: "The claim of insufficiency of the evidence is but an invitation to this court to reweigh the proofs. This we cannot do. [Citation.] : 'The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt. . . . "The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. . . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then deter-

mine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury.'' ' Viewing the evidence most favorably to respondent's case and remembering that the trial judge 'could have accepted portions of defendant's testimony and statements, disbelieved other portions' [citation] . . .'' (See also *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

No useful purpose would be served in restating the facts—suffice it to state that the facts do amply justify the determination of the trial court as to guilt of the crime charged. We cannot say that upon no hypothesis whatever are there sufficient facts to support the decision.

With reference to the arrest the police would have been derelict in their duty had they not arrested Bryant under the circumstances. A man of ordinary care and prudence in the position of the officer and knowing what he knew would have believed and conscientiously entertained an honest and strong suspicion that Bryant was guilty of a crime. (See *People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) In *People* v. *Cowman,* 223 Cal.App.2d 109, 117 [35 Cal.Rptr. 528], the statement is made that: ''The rationale of all these decisions is that an officer of the law, employed to maintain the peace and to prevent crime, as well as to apprehend criminals after the fact, has both the right and the duty to make reasonable investigation of all suspicious activities even though the nature thereof may fall short of grounds sufficient to justify an arrest or a search of the persons or the effects of the suspects. Experienced police officers naturally develop an ability to perceive the unusual and suspicious which is of enormous value in the difficult task of protecting the security and safety of law-abiding citizens. The benefit thereof should not be lost because the cold record before a reviewing court does not contain all the particularized perceptions which may have been so meaningful at the scene.''

Officer Turner took Bryant to the place of the burglary and Officer Nardone promptly identified Bryant as the man who ran down the alley away from the company building. There was ample probable cause to arrest Bryant for burglary.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.